Nott, J.,
delivered the opinion of the court:
The only difference between this case and that of Swift & Co. (111 U. S. R., 22) is that in that case the stamps were furnished from time to time upon running accounts, while in this case each purchase of stamps was a simple cash transaction.
It is contended by the counsel for the defendants that this difference takes this case out of the decision in Swift and brings it within the decision in Savage’s Case (92 U. S. R., 382).
The decision in the Swdft Case relates to the law of implied *175 contracts in actions for money had and received. The decision in the Savage Case relates to the law of payment. It is a fundamental principle of the law of payment that the party who pays may control the appropriation of the money, and in the days of State banks and irredeemable paper money it was a universal rule that where a tender was made in what passed current as money the creditor might take it as such or might refuse it and sue for the debt, but that he could not do both. In the case of Savage the government simply paid its debt in what passed current as money, and the Supreme Court’s decision was that no protest or reservation by the creditor could prevent the extinguishment of the debt if he accepted that kind of money'when tendered in payment thereof.
But in the case of Swift the Supreme Court has decided that a payment made to a public officer in discharge of a tax illegally exacted is not such a voluntary payment as will preclude the party from recovering it back, and that where the Commissioner of Internal Revenue adopted a rule of dealing rvith purchasers of stamps which deprived them of a right, and made it known that the rule would not be changed, there was no necessity of proving that the party’s compliance with the regulation was forced. The. court also held that the purchasers had no choice, their only alternative being to submit to an illegal exaction or to discontinue their business. “ Money paid,” says the Supreme Court, “ or other value parted with under such pressure has never been regarded as • a voluntary act ■within the meaning of the maxim volenti non fit injuria.”
We are therefore of opinion that the case is virtually decided by the decision in Swift’s Case.
The judgment of the court is that the claimants recover the sum of $4,221.50.